UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
_____
                                        :
                                        :
SUSAN A. POZNANOVICH,                   :
                                        :
            Plaintiff,                  :          Civil Action No. 11-4001 (JAP)
                                        :
     v.                                 :
                                        :          OPINION
ASTRAZENECA PHARMACEUTIALS              :
LP, et al.                              :
                                        :
                                        :
            Defendants.                 :
_____:
```

PISANO, District Judge.

**I.  Introduction**

        This is a products liability action brought by Plaintiff Susan Poznanovic against

defendants AstraZeneca Pharmaceuticals LP ("AZPLP"), AstraZeneca LP, Astra USA, Inc.,

KBI Sub Inc., Zeneca, Inc., Astra USA Holdings Corporation, AstraZeneca AB, AstraZeneca

PLC, and AstraZeneca UK Limited (collectively, "Defendants").  Plaintiff alleges that she has

suffered injuries related to her long term use of Defendants' drug products sold under the

brand names Prilosec and Nexium.  This matter was originally filed in the Superior Court of

New Jersey and then removed to this court by AZPLP.  Presently before the Court is

Plaintiff's motion to remand.  For the reasons below, Plaintiff's motion is denied.

**II.  Background**

        This case was commenced in the Superior Court of New Jersey, Law Division, Bergen

County, and was subsequently transferred to Superior Court of New Jersey, Law Division,

Hunterdon County.  On July 12, 2011, before any of the Defendants were served with the summons and complaint, AZPLP removed the action to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332.  There appears to be no dispute that there is complete diversity between Plaintiff, a citizen of Illinois, and Defendants, who comprise citizens of Sweden, United Kingdom, Delaware, New York and New Jersey.  On August 3, 2011, Plaintiff timely filed this motion to remand, arguing that removal was improper because the removing defendant, in addition to other defendants, is a citizen of the forum.

**III.  Analysis**

In support of her motion to remand, Plaintiff's principal argument is that the "forum defendant rule," set forth in 28 U.S.C. 1441(b), precludes removal of this case.  Under 28 U.S.C. § 1441(a), a defendant may remove a case to a federal court with original jurisdiction over the matter.  However, in diversity cases, §1441(b) "imposes another condition above the requirements of original diversity jurisdiction, known as the 'forum defendant rule.' " *Sullivan v. Novartis Pharm. Corp.*, 575 F.Supp.2d 640, 642 (D.N.J. 2008).  Under the forum defendant rule, a state court action is not removable based upon diversity jurisdiction if any of the "properly joined and served" defendants are citizens of the forum state.  28 U.S.C. § 1441(b).  The relevant statute provides as follows:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.  *Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. 1441(b) (emphasis added).  According to Plaintiff, AZPLP is a forum defendant, *i.e.*, a citizen of the state of New Jersey "by virtue of its partnership relationships with

AstraZeneca LP and KBI Sub, Inc.," Pl. Brf. at 2, and therefore cannot properly remove a case to this Court where jurisdiction is founded on diversity of citizenship. AZPLP, on the other hand, contends that it is not a forum defendant but, in any event, removal was proper under the plain language of the statute because no forum defendant in the matter had been "properly joined *and served*" at the time of removal. Indeed, there is no dispute that at the time this matter was removed Plaintiff had not served the complaint on any defendant. Nevertheless, Plaintiff responds that AZPLP should not be permitted defeat the forum defendant rule through what Plaintiff describes as "gamesmanship," that is, monitoring court filings and removing an action before a plaintiff has the opportunity to effect service. Plaintiff contends that sanctioning removal in this case would be contrary to the intent of the "properly joined and served" language of § 1441(b), which according to Plaintiff is intended to prevent fraudulent joinder of a forum defendant by a plaintiff for the sole purpose of blocking removal.

Putting aside for the moment the issue of whether AZPLP is a forum defendant, the Court notes that both parties' positions on the propriety of AZPLP's removal find support in case law. Indeed, in applying § 1441(b), courts in this district and elsewhere are split as to whether a forum defendant may remove a case to federal court prior to being formally served with the complaint. *Compare, e.g., Ripley v. Eon Labs, Inc.*, 622 F. Supp. 2d 137 (D.N.J. 2007) (finding removal by forum defendant prior to service proper under plain language of statute because forum defendants had not been "properly joined and served"), with *Sullivan v. Novartis Pharms. Corp.*, 575 F. Supp. 2d 640 (D.N.J. 2008) (remanding case removed by forum defendant, finding that the literal application of § 1441(b) would produce results Congress could not have intended). To the extent that some courts that have noted the

3

distinction, courts are also split on the question of whether a non-forum defendant may remove a case where a plaintiff has joined, but has not served, a forum defendant. *See North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (collecting cases). In any event, to the extent that the distinction may be relevant, the first question for the Court to resolve is whether AZPLP is a forum defendant.

AZPLP is a limited partnership. Unlike a corporation, which is deemed to be a citizen of both the state in which it is incorporated and the place where it has its principal place of business, partnerships and other unincorporated entities are not considered "citizens" for purpose of diversity jurisdiction. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3rd Cir. 2008). Rather, the longstanding rule with regard to partnerships and unincorporated associations is that a court is to look to the citizenship of all of the partners or members comprising the entity. *Id.*; *see also Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010) ("[A] partnership, as an unincorporated entity, takes on the citizenship of each of its partners.") Applying that rule here, it is clear that AZPLP is not a forum defendant, as none of its partners, all of whom are corporations, are citizens of New Jersey. AZPLP is comprised of four partners. AstraZeneca AB, the general partner, is a corporation organized in and having its principal place of business in Sweden. AZPLP's three limited partners are (1) Zeneca Inc., which is organized in and has its principal place of business in Delaware; (2) Astra U.S. Holding Corporation, which is organized in and has its principal place of business in Delaware; and (3) Astra USA Inc., which is organized in New York and has its principal place of business in Delaware.

Plaintiff, in asserting that AZPLP is a forum defendant, appears to misconstrue the relevant rule. Plaintiff does not dispute that the partners comprising AZPLP are

not citizens of New Jersey.  Nevertheless, Plaintiff contends that AZPLP is somehow a

forum defendant because of AZPLP's relationship AstraZeneca LP and KBI Sub, Inc.,

both of whom are forum defendants.  AZPLP is the general partner of AstraZeneca

LP, while KBI Sub, Inc., is a limited partner.  AstraZeneca LP is comprised only of

these two entities.  KBI Sub, Inc. has its principal place of business in New Jersey,

thus is a citizen of the forum (and, therefore, a forum defendant).  As such,

AstraZeneca LP is also considered a citizen of the forum.  While it is unclear to the

Court whether Plaintiff is arguing that AZPLP must be deemed to be a forum

defendant because it is the general partner *of* a forum defendant or because AZPLP is

in a partnership *with* a forum defendant, in either case Plaintiff is wrong.  AZPLP's

relationship with these entities are not relevant for the "citizenship" purposes here.

Rather, the Court must look to the partners comprising AZPLP, and, in doing so, finds

AZPLP is not a forum defendant.

    The Court turns now to the precise question raised by Plaintiff's motion, *i.e.*,

whether removal by a non-forum defendant prior to formal service on any defendant,

including forum defendants, is valid.  Courts within this district and elsewhere are

sharply split on the issue of pre-service removal (whether by a forum or non-forum

defendant), and the decisions generally fall into two camps.  The first group, and those

that comprise a majority in this district, are those decisions that have allowed removal

prior to service upon a forum defendant based upon the plain language of the statute.

*See, e.g., Bivins v. Novartis Pharmaceuticals Corp.*, 2009 WL 2496518 (D.N.J. Aug.

10, 2009) (Kugler, J.) ("Here the statutory language is clear: removal is prohibited

only where a defendant, who is a resident of the forum state, has been properly joined

*and served*.") (internal quotations omitted, emphasis in original); *Ripley v. Eon Labs, Inc.*, 622 F. Supp.2d 137, 141-42 (D.N.J. 2007) (Rodriguez, J.) (The plain language of … § 1441(b), despite the numerous policy arguments against it, permits removal of this case … to this Court."); *Yocham v. Novartis Pharmaceuticals Corp.*, 2007 WL 2318493 at *3 (D.N.J. Aug. 13, 2007) (Simandle, J.) (denying remand motion based upon "a plain reading of § 1441(b) and straightforward application of it"); *Jaegar v. Schering Corp.*, 2007 WL 3170125 at *2 (D.N.J. Oct. 25, 2007) (Cavanaugh, J.) ("[T]here is no dispute that Defendants were not served at the time removal was file. Accordingly, there is no applicable limitation on Defendants' right to remove the matter to this Court.");  *Thomson v. Novartis Pharmaceuticals Corp.*, 2007 WL 1521138 (D.N.J. May 22, 2007) (Simandle, J.) (denying remand based upon a "plain reading of § 1441(b) and a straightforward application of it"); *Frick v. Novartis Pharmaceuticals Corp.*, 2006 WL 454360, at *3 (D.N.J. Feb. 23, 2006) (Debevoise, J.) ("[W]e find that the language of the statute is unambiguous [and] it is not readily apparent that applying the clear language of the statute to the present case would produce a result that is demonstrably at odds with the intentions of Congress."). While many of these decisions acknowledge in some way the "colorable policy arguments that it is unjust that a properly joined defendant could monitor state court dockets and remove cases prior to being served, and that it makes little sense to provide a federal forum to an in-state defendant upon removal of a diversity case," Thompson, 2007 WL 1521138 at *4, these decisions found such arguments to be insufficient to overcome the requirement that a court give meaning to the plain language of a statute.  As explained by the *Bivins* court,

6

> The role of the courts in interpreting a statute is to give effect to Congress's intent.  Because it is presumed that Congress expresses its intent through the ordinary meaning of its language, every exercise of statutory interpretation begins with plain language of the statute itself. Where the statutory language is plain and unambiguous, further inquiry is not required, except in the extraordinary case where a literal reading of the language produces an absurd result. Moreover, a court may depart from the plain language of a statute only by an extraordinary showing of a contrary congressional intent in the legislative history.

*Bivins*, 2009 WL 2496158 *2 (*quoting Idahoan Fresh v. Advantage Produce, Inc.*, 157 F.3d 197, 202 (3d Cir. 1998)).  The decisions falling into this first group generally have rejected the argument like that made by Plaintiff here that a literal application of the statute would lead to a result that is absurd and inconsistent with the intent of Congress.

A second group of cases, and the minority in this district, have reached the opposite result.  These cases note that the purpose of the forum defendant rule is to prevent a plaintiff from improperly naming a citizen of the forum solely to defeat removal, and generally have found that a literal application of § 1441(b) be inconsistent with Congressional intent.  *See, e.g., Walborn v. Szu*, 2009 WL 983854 (D.N.J. April 07, 2009) (Debevoise, J.) (finding that "a literal interpretation of the 'joined and served' language in the statute which would allow removal in cases [where the forum defendant was not improperly joined] one would "produce bizarre results that Congress could not have intended," and would indeed be "demonstrably at odds with the objectives Congress did intend to effect" in enacting 28 U.S.C. § 1441(b)"); *Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F.Supp.2d 640 (D.N.J. 2008) (Debevoise, J.) ("[T]he court will look past the plain meaning of § 1441(b) in order to avoid an absurd and bizarre result which Congress could not have intended."); *Brown v. Organon USA Inc.*, 2008 WL 2625355 (D.N.J. June 27, 2008) (Chesler, J.) ("[W]hen the removing party is a forum

7

defendant a strict application of § 1441 would frustrate the policy underlying the statute and lead to a result at odds with the statute's purpose."); *Fields v. Organon USA, Inc.*, 2007 WL 4365312 (D.N.J. Dec. 12, 2007) (Chesler, J.) (acknowledging "that the plain language of § 1441(b) does appear to imply that a forum defendant may remove an action as long as it does so before being served" but finding that "such a bizarre result cannot possibly have been the intent of the legislature").

After thorough and careful consideration of the relevant precedents, the Court concludes that the weight of the authority and better reasoning supports denial of Plaintiff's motion to remand. The Court finds that the language of the statute is plain, and, thus, adherence to the plain language is required. The Third Circuit has made clear that this Court must, when faced with issues of statutory construction,

> give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive. If the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms. The plain meaning is conclusive, therefore, except in the rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.

*Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (internal quotations and citations omitted); *Thompson*, 2007 WL 1521138 at *4; *Frick*, 2006 WL 454360 at *2-3. Here, Congress expressly used the phrase "properly joined and served," and this Court should not adopt an interpretation of the statute which renders the "and served" language superfluous. Under the unambiguous language of the statute, the presence of an unserved forum defendant does not prohibit removal by a non-forum defendant in cases where complete diversity exists. The language of the statute is clear that Congress intended § 1441(b)'s prohibition on removal

to apply not merely where a forum defendant is properly joined in the action, but only where service has been effected on that forum defendant.

Additionally, to the extent that courts have noted that the purpose of the "properly joined and served" language is to prevent improper joinder, it would appear to the Court that this purpose is largely fulfilled by the "properly joined" language. The statute plainly contains, however, an additional requirement – "and served." As such, the Court cannot conclude that this case – specifically, where a non-forum defendant removed the action prior to service on any forum defendant – is one of those "rare cases" in which the literal application of the statute will produce a result demonstrably at odds with the intention of Congress.

Plaintiff's remaining arguments in favor of remand are without merit. First, Plaintiff argues that under *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed. 2d 448 (1999), a defendant may remove a case only after formal service has been effected on that defendant. The decision in *Murphy Bros.* held that mere receipt of a complaint absent formal service did not trigger the 30-day time limit on removal under 28 U.S.C. § 1446(b) ("The notice of removal … shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading…"). In so holding, the Supreme Court stated that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." 526 U.S. at 347. That decision, however, did not hold that formal service is a prerequisite for removal. Indeed, a party is free to waive service of process, and Plaintiff has not pointed the Court to any rule that prohibits a defendant who is not "obliged" to engage in litigation to engage in litigation nevertheless. In any event, courts

9

appear to routinely hold that formal service is not a prerequisite to removal.  *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) (service of process is not an absolute prerequisite to removal); *Middlebrooks v. Godwin Corp.*, --- F.Supp.2d ----, 2011 WL 5395656 (D.D.C. Nov. 9, 2011) (finding removal before formal service proper, noting that "*Murphy Brothers* does not address the validity of removal before service, and therefore, the plaintiff's reliance on this case is misplaced); *Addison v. First Family Financial Services*, 2006 WL 1307948, at *1 (S.D. Miss. May 10, 2006) (service of process need not occur before removal); *Arthur v. Litton Loan Serv. LP*, 249 F. Supp. 2d 924, 931 (E.D. Tenn. 2002) (formal service "not a prerequisite to the defendants exercising their right of removal under 28 U.S.C. §1446"); *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1270 (M.D. Fla. 2009) (defendant may remove prior to service); *Watanabe v. Lankford*, 684 F. Supp. 2d 1210, 1214-15 (D. Haw. 2010) (defendant's filing of a notice of removal prior to being served did not render removal defective).

Next, Plaintiff argues that removal was improper because AZPLP failed to comply with the unanimity requirement, that is, all defendants must consent to the removal. However, "[i]n the typical case, where all defendants must consent to removal, a defendant who has not been served need not consent to removal."  *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009).  As the other defendants in this case had not been served at the time of removal, their consent for removal was not required.

Last, relying again on *Murphy Bros.*, Plaintiff argues remand warranted because this Court somehow lacks jurisdiction over the parties given that none of the defendants were served in the state court action.  The Court finds no basis for Plaintiff's assertion.  First, Plaintiff filed her complaint in New Jersey state court and, therefore, that court had

jurisdiction over the matter.  As this Court is in the federal judicial district "embracing the place" where the action was filed, this Court has jurisdiction over the matter as well.  28 U.S.C. § 1441(a) (an action may be removed "to the district court of the United States for the district … embracing the place where such action is pending.") .  Further, as noted above, the Court rejects Plaintiff's argument that *Murphy Bros.* stands for the proposition that formal service is a prerequisite for valid removal.  As such, the Court finds Plaintiff's argument to be completely without merit.  Plaintiff's motion to remand is denied.

## III.  Conclusion

For the reasons above, Plaintiff's motion to remand is denied.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano_____
Joel A. Pisano, U.S.D.J.